# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM G. HARRIS,

        Petitioner,    :    Case No. 3:15-cv-264

  - vs -                    District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional Institution,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* pursuant to 28 U.S.C. § 2254 by Petitioner William G. Harris. Petitioner seeks relief from his convictions in the Cuyahoga County Court of Common Pleas[1] on counts of sexual battery, gross sexual imposition, contributing to the unruliness or delinquency of a child, child endangering, and disseminating material harmful to juveniles (Petition, ECF No. 1). The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Harris pleads the following Grounds for Relief:

        **Ground One:** Ineffective Assistance of Appellate Counsel for failing to federalize direct appeal.

---

[1] Although Petitioner was convicted in the Northern District of Ohio, he is presently confined in the Southern District and has a choice of venue. 28 U.S.C. § 2241(d).

> **Ground Two**: Trial court erred by sentencing the Petitioner to consecutive sentences that were excessive because it [sic] exceeded the maximum sentence of the Legislature in violation of the 6th and 14th Amendments to the U.S. Constitution and Due Process.
>
> **Supporting Facts:** The trial court did not state the correct findings needed for consecutive sentences pursuant to HT. [sic] B. 86, and the Legislatures Intent.
>
> **Ground Three:** Trial court committed prejudicial error when it overruled motion to withdraw plea in violation of the 6th and 14th Amendments to the U.S. Constitution.
>
> **Supporting Facts:** The petitioner filed a pre-sentence Motion to Withdraw Plea that the Trial Court denied.

(Petition, ECF No. 1, PageID 5, 7, 8.)

As the Petition indicates, Harris pled guilty to the offenses of conviction, then tried unsuccessfully to withdraw that plea before sentencing. After sentencing he appealed to the Eighth Appellate District[2] for Cuyahoga County which affirmed the convictions and sentence. *State v. Harris*, 2014-Ohio-1423, 2014 Ohio App. LEXIS 1335 (8th Dist. Apr. 3, 2014).[3] The Ohio Supreme Court then declined to exercise jurisdiction over a subsequent delayed appeal. *State v. Harris,* 140 Ohio St. 3d 1413 (2014).

## ANALYSIS

---

[2] Harris cites this as a decision of the Ninth District Court of Appeals (Petition, ECF No. 1, PageID 2, ¶ 9), but the Cuyahoga County Court of Appeals sits in the Eighth District and the reports of the decision indicate it was made in the Eighth District.

[3] References hereinafter to *State v. Harris, supra*, are to this opinion.

**Ground One:  Ineffective Assistance of Appellate Counsel**

In his First Ground for Relief, Harris claims he received ineffective assistance of appellate counsel when his appellate attorney failed to "federalize" his claims on appeal.  From the opinion of the Eighth District in *State v. Harris, supra,* we know that Harris raised two assignments of error on appeal:  abuse of discretion in the trial court when it failed to grant his pre-sentence motion to withdraw his guilty plea and ordering sentences on Counts 2, 15, and 25 to run consecutive to each other without making the findings required by Ohio Revised Code § 2929.14(C)(4).  These assignments were raised as errors of state law and the Magistrate Judge reads the Petition as alleging they should have been raised as federal constitutional claims.

Ground One for Relief should be dismissed for two reasons.  First of all, Harris has procedurally defaulted in presenting this claim to the Ohio courts.  He asserts in the Petition that he raised it by filing a delayed direct appeal to the Ohio Supreme Court.  But Ohio requires that claims of ineffective assistance of appellate counsel be raised by filing an application to reopen the direct appeal under Ohio R. App. P. 26(B).  Such an application must be filed within ninety days from the date judgment is journalized in the court of appeals.  In this case that would have been not later than June 3, 2014, which is more than a year before Harris filed his Petition in this Court.

In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision.  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing

3

holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 342 Fed. App'x 998 (6th Cir. 2009). If Harris were to file a 26(B) application now, it would be rejected by the Eighth District for being untimely.

In the alternative, the First Ground for Relief is without merit. A criminal defendant is entitled to effective assistance of counsel on appeal and that effectiveness is judged under the standard adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). There are two prongs to the *Strickland* test. A petitioner must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the case. *Strickland, supra.* But Harris' two assignments of error on appeal would have been no more successful if his appellate attorney had cited federal law in support because there is no constitutional right to withdraw a guilty plea that has been knowingly, intelligently, and voluntarily entered and there is no constitutional prohibition on consecutive sentencing. In *State v. Harris, supra,* the Eighth District applied the same standards about withdrawal of a guilty plea as are applicable under federal constitutional law. And it also decided that the sentence was properly imposed under Ohio law.

Therefore the First Ground for Relief should be dismissed.

**Ground Two:  Improper Consecutive Sentencing**

In his Second Ground for Relief, Harris contends the trial court improperly imposed consecutive sentences without making the required findings under Ohio law.  This Ground for Relief is without merit because it does not raise a claim under the United States Constitution.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In its decision on appeal, the Eighth District thoroughly considered the record as it relates to the findings Ohio law requires before consecutive sentences can be imposed and found that the trial court properly made those findings.  That is a question of Ohio law on which this Court cannot review the decision of the Eighth District.

The Second Ground for Relief should therefore be dismissed.

**Ground Three:  Failure to Grant Motion to Withdraw Guilty Plea**

In his Third Ground for Relief, Harris asserts the trial court committed prejudicial error when it failed to grant his pre-sentence motion to withdraw his guilty plea.  The Eighth District decision provides the following relevant facts:

 [*P2]  In November 2012, Harris was charged in a 48-count indictment involving two minor female victims — his biological daughter and her friend. Counts 1, 13-14, 28 charged him with rape. Counts 2-3, 15-17, 29-30 charged him with sexual battery. Counts 4-7, 10, 18-21, 25, 31-32 charged him with gross sexual imposition ("GSI"). Counts 8, 11, 23, 27, 34, 38-40, 43-44, 47-48 charged him with contributing to the unruliness or delinquency of a child. Counts 9, 12, 22, 26, 33, 35-37, 41-42, 45-46 charged him with child endangering.  Count 24 charged him with disseminating matter harmful to juveniles.

 [*P3]  On April 3, 2013, pursuant to a plea agreement, Harris pled guilty to three counts of sexual battery (Counts 2, 15, and 29), four counts of GSI (Counts 4, 18, 25, and 31), three counts of contributing to the unruliness or delinquency of a child (Counts 8, 27, 34), two counts of child endangering (Counts 9 and 33), and one count of disseminating matter harmful to juveniles (Count 24). The remaining counts were nolled. On May 1, 2013, Harris, through defense counsel, filed a "motion to withdraw plea/new counsel" seeking to withdraw his plea and requesting new counsel. Harris's motion stated that he was "'bullied' into the plea by counsel." He requested a hearing on the matter. Harris's newly assigned counsel also filed a motion to withdraw Harris's guilty plea. This motion states that it was served upon the state on May 28, 2013. The docket, however, indicates that this motion was filed on June 5, 2013. The state opposed this motion on May 29, 2013.

 [*P4]  The next day, on May 30, 2013, the trial court held a hearing on Harris's motion. Harris claimed that on the morning of his guilty plea hearing he took two prescription medications and he did not understand what his attorney explained to him. However, when the trial court asked Harris if he was under the influence of any drugs at the plea hearing, Harris responded, "no." The trial court, after reviewing the transcript on multiple occasions and both parties' motions, denied Harris's motion, finding no legitimate basis to withdraw the plea. The trial court then proceeded with sentencing. The court merged Counts 2 and 4, Counts 8 and 9, Counts 15 and 18, Counts 29 and 31, and Counts 33 and 34. The state elected to proceed with sentencing on Counts 2, 8, 15, 29, and 33. The court sentenced Harris to 5 years in prison on Count 2, 6 months on Count 8, 5 years on Count 15, 5 years on Count 29, 6 months on Count 33, 5 years on Count 25, and six months on each of Counts 24 and 27. The court ordered that Counts 2, 15, and 25 run consecutive to each other and concurrent to Count 29. The court also ordered that Counts 8, 33, 24, and 27 be served

>           concurrent to each other and the other counts for a total of 15 years
>           in prison.

*State v. Harris, supra*.

There is no absolute federal constitutional right to withdraw a guilty plea prior to sentencing. Rather, the Federal Constitution prohibits conviction upon a guilty plea unless it is knowing, intelligent, and voluntary. A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at, 755.

The Eighth District's opinion is fully consistent with this federal constitutional law and highlights the Ohio procedural requirements designed to protect a defendant's rights. Here the trial court, upon Harris' claim that he was bullied by his lawyer into accepting the plea agreement, appointed new counsel, held a hearing at which Harris was permitted to testify, and carefully reviewed the transcript of that hearing before denying relief.

7

None of the facts recited in the opinion of the court of appeals raise significant questions about the voluntariness of the plea. Harris was indicted on forty-eight counts. The plea agreement garnered a dismissal of thirty-five of forty-eight counts of sexual misconduct of one kind or another with minors. After the plea, the trial judge merged many of the remaining counts and ordered that many of the sentences be run concurrent. Out of the original forty-eight counts, Harris is serving consecutive sentences on only three of them. Thus the plea agreement was quite valuable to Harris and he appears to have received the full benefit of the bargain.

Regarding his claim that he was under the influence of two medications on the morning of the plea, that claim is entirely contradicted by his sworn testimony at the time of the plea colloquy. Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). The same logic applies to statements made during a plea colloquy in the state courts.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Although the Eighth District focused on the question whether the trial judge followed Ohio procedure, the underlying question of whether the pleas of guilty were knowing, intelligent, and voluntary were necessarily considered. See *State v. Harris, supra,* ¶ 11. The Eighth District's conclusion on that question is neither contrary to nor an objectively unreasonable application of clearly established Supreme

Court precedent.

Therefore the Third Ground for Relief should be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 5, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).